UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1989 RLW |
| | ) |
| DIONNE KELLEY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on its review of the record. On February 3, 2020, Defendant Dionne Kelley filed a Motion to Compel and/or for Dismissal (ECF No. 29). On June 12, 2020, Defendant filed a Motion to Dismiss for Failure to Prosecute (ECF No. 38). On July 15, 2020, Defendant filed a Motion for Summary Judgment (ECF No. 40). On September 16, 2020, the Court ordered Plaintiff Christopher Lee Hudson ("Hudson") to file responses to Defendant's Motion to Compel and/or for Dismissal (ECF No. 29), Motion to Dismiss for Failure to Prosecute (ECF No. 38), and Motion for Summary Judgment (ECF No. 40) no later than September 30, 2020. (ECF No. 46). The Court warned that failure to respond to these motions could result in dismissal for failure to prosecute. To date, Hudson has failed to file a response to these motions, including the Motion for Summary Judgment and its supporting documents.[1]

On September 28, 2020, Hudson filed a motion asking the Court for additional time to respond to Defendant's motions. Hudson stated that he would be released from the Ozark

---

[1] E.D. Mo. L.R. 4.01(B) provides that "each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after being served with the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies."

Correctional Center ("OCC") on October 30, 2020 and asked for the opportunity "to hire a lawyer for this case immediately after my release." (ECF No. 47).

On September 29, 2020, the Court granted Hudson's motion for additional time. (ECF No. 48). The Court ordered this case administratively closed until January 4, 2021, to allow Hudson the opportunity to obtain new counsel after his anticipated October 30, 2020 release from the OCC.[2] The Court ordered the parties to file a joint status report on January 4, 2021. The Court also reminded Hudson of his obligation under E.D. Mo. L.R. 2.06(B) to notify the Court regarding any address changes or the Court would dismiss his action.

On January 4, 2021, Defendant filed a status report. (ECF No. 49). Defense counsel attempted to contact Hudson, but Hudson did not return defense counsel's telephone calls. Hudson has not filed any responses to Defendant's Motion to Compel and/or for Dismissal (ECF No. 29), Motion to Dismiss for Failure to Prosecute (ECF No. 38), or Motion for Summary Judgment (ECF No. 40). Hudson did not provide a notice of change of address to the Court, as required under E.D. Mo. L.R. 2.06(B).

"According to Rule 41(b), a district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (citing Fed. R. Civ. P. 41(b)). "[D]ismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000) (citing *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir.1997)). "The district court need not find that the party

---

[2] In Defendant's Status Report (ECF No. 49), defense counsel states that Plaintiff has not been incarcerated since at least November 2, 2020 when defense counsel was notified of his change of address). (ECF No. 49, ¶2).

acted in bad faith, but only that [he] acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (citation omitted).

In this case, Hudson has exhibited an ongoing pattern of delay, a persistent failure to prosecute, and a disobedience of court orders that warrants dismissal of his case. *See DiMercurio*, 716 F.3d at 1140; *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722–23 (8th Cir. 2010); *Smith v. Gold Dust Casino*, 526 F.3d 402, 403-05 (8th Cir. 2008); *Hunt*, 203 F.3d at 527-29; *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1218–21 (8th Cir.1998). Hudson has repeatedly failed to respond to discovery and dispositive motions. In turn, the Court has accommodated Hudson's requests for additional time, most recently with a three-month stay to allow Hudson to obtain new counsel and respond to the outstanding motions. Hudson, however, failed to even notify the Court of his new address and provide a status update, as ordered by the Court and/or required under the local rules. *See* ECF No. 48 (ordering Hudson to, among other things, provide his new address upon release and to provide a status report no later than January 4, 2021). Indeed, the Court notified Hudson in its September 29, 2020 Order (ECF No. 48) that failure to comply with its directives "would result in the Court dismissing Plaintiff's case for failure to prosecute and/or the Court ruling on Defendant's unopposed motions." The Court further notes that Hudson appears to have absconded from supervision after his release and is now "wanted—out of custody". *See* https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited January 11, 2021). The Court holds that Hudson's repeated failures to prosecute this case have unduly impeded Defendant's ability to defend this case. The Court, therefore, dismisses Hudson's case, with prejudice, for failure to prosecute.[3]

---

[3] In addition, the Court notes that under Local Rule 2.06, "[e]very self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** with prejudice for Plaintiff's failure to prosecute and failure to provide a notice of change of address.

Dated this 11th day of January, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

address and telephone number. If any mail to a self-represented plaintiff...is returned to the Court without a forwarding address and the self-represented plaintiff...does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." E.D. Mo. L.R. 2.06(B); *see also Burke v. Home Depot*, No. 4:19CV1725 RLW, 2020 WL 1862659, at *3 (E.D. Mo. Apr. 14, 2020). Hudson failed to notify the Court regarding his new address after his release from OCC and after being ordered to do so by this Court. Given that Hudson is currently wanted by the State of Missouri, it seems that Hudon's failure to provide his new address was intentional. *See* https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited January 11, 2021). Although failure to provide a new address usually results in a dismissal without prejudice, the Court holds that Hudson's failure to prosecute (as outlined herein) mandates dismissal with prejudice.